UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ELVIRA A. CAPORALE AND | : | |
|---|---|---|
| ELVIRA A. CAPORALE AS | : | |
| EXECUTRIX OF THE ESTATE OF | : | CIVIL NO. |
| EDWARD A. CAPORALE, | : | 3-07-cv-00855(JCH) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE | : | JANUARY 25, 2008 |
| COMPANY OF AMERICA, | : | |
|    Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 13)**

**I.   INTRODUCTION**

Plaintiff, Elvira Caporale, brings this action for fraud and violation of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), against defendant Prudential Insurance Company of America ("Prudential"). Caporale initially filed this action in Connecticut Superior Court, and Prudential removed it to this court based on the diversity of citizenship of the parties. See Notice of Removal (Doc. No. 1). Prudential moves this court to dismiss Caporale's complaint for lack of subject matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

**II.   FACTS[1]**

Elvira Caporale is the Executrix of the Estate of her late husband, Edward Caporale, who died on February 4, 2006. Edward Corporale spent forty-two years of

---

[1]The facts are taken from the complaint unless otherwise noted.

his life working for the Great Atlantic and Pacific Tea Company ("the A&P"). On October 15, 1987, the Caporales received a letter from the A&P indicating that they were receiving an annuity issued by Prudential "reflecting [their] entitlement under A&P's terminated Employee's Retirement Plan." See Letter from James Wood, Ex. A to Pl.'s Mem. in Opp.("Pl.'s Mem.")(Doc. No. 19). The annuity was purchased by the A&P as part of the settlement of a lawsuit between the A&P and the members of its employee pension plan. See Annuity Certificate, Ex. B. to Pl.'s Mem (making reference to the "litigation settlement"); see also Walsh v. Great Atlantic and Pacific Tea Comp., 96 F.R.D. 632 (D.C.N.J. 1983)(accepting the settlement of the lawsuit between the A&P and it's Pension Plan members). The Annuity Certificate guaranteed that annuitant Edward Caporale or his surviving spouse would receive a lump sum death benefit of $150,000 and monthly payments of $395.55. Id. at Ex. B.

Upon the death of her husband, Elvira Caporale provided Prudential with a copy of his death certificate and made a claim for the lump sum death benefit of $150,000 provided for in the annuity. Prudential has refused to make a payment to Caporale under the annuity.

## III. STANDARD OF REVIEW

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U.S. at 236). However, the court refrains from

"drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-5 (2007).

## IV.   DISCUSSION

### A.   Preemption under ERISA

Prudential argues that Caporale's Complaint should be dismissed because her state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 2 (Doc. No. 14). Prudential's theory is that because the annuity in question was issued to disperse benefits initially provided under an employee pension plan, the question of any benefits due under the annuity are governed by ERISA, not state law.

See Def.'s Reply Mem. at 1-4 (Doc. No. 21).

Prudential's interpretation of ERISA is squarely at odds with the Supreme Court's recent ruling in Beck v. Pace International Union, __ U.S. __, 127 S.Ct. 2310, 2318 (2007). In Beck, the court stated that

> terminating a plan through purchase of annuities . . . formally severs the applicability of ERISA to plan assets and employer obligations. . . . The assets of the plan are wholly removed from the ERISA system, and plan participants and beneficiaries must rely primarily (if not exclusively) on state-contract remedies if they do not receive proper payments or are otherwise denied access to their funds.

Id. It is clear from the letter A&P sent to the Caporales dated October 15, 1987, that the annuity at issue reflected benefits due under the A&P's "terminated Employee's Retirement Plan." Letter, Ex. A to Pl.'s Mem. Therefore, any question as to proper payment must rely on state remedies and is not preempted by ERISA.

     B.     Failure to state a claim under state law

          1. Fraud (Count One)

Prudential argues that Caporale's state law claim for fraud should be dismissed for failure to state a claim upon which relief can be granted. See Def.'s Mem. at 5-6. Prudential reasonably assumes that Caporale's first count, which is identified as "Count One (Fraud)" sounds in a common law theory of fraud. Id.; Complaint at 1, Ex. 1 to Notice of Removal (Doc. No. 1). However, it is not clear to the court either from the Complaint, or from Caporale's arguments in opposition to Prudential's Motion to Dismiss, what the legal basis of her claim is under Count One. While the heading to the Count identifies "fraud", the substance of the count claims both that "Defendant's obligations will be common-law negligence" and that its misrepresentations constitute

4

violations of CUTPA and CUIPA. Complaint at ¶¶ 12 and 15.

The court finds that Caporale does not state a claim for fraud in Count One because she fails to make "particular" averments of fraud as required by Federal Rule of Civil Procedure 9(b). See Federal Rule of Civil Procedure 9(b) ("all averments of fraud or mistake shall be stated with particularity"). The "particularity" requirement of Rule 9(b) requires a plaintiff to "explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001). Nothing in Caporale's Complaint creates a strong inference that Prudential had either intent, knowledge, or reckless disregard, thus her first count, to the extent it states a claim for common law fraud, is dismissed without prejudice.

The court also finds that Caporale has stated a claim under CUTPA and CUIPA in Count Two (for the reasons stated below), and therefore, Count One is dismissed to the extent that it states a duplicate claim under CUTPA and CUIPA. Finally, it appears that Caporale states a claim for negligent misrepresentation in Count One. This claim is not dismissed.

### 2. CUTPA and CUIPA (Count Two)

Prudential argues that Caporale's claim under CUIPA and CUTPA must be dismissed because she has failed to allege "more than an isolated instance of unfair insurance settlement practices" as is required to state a CUIPA claim pursuant to CUTPA. Def.'s Mem. at 6; see also Mead v. Burns, 199 Conn. 651, 666 (1986)(holding that a private right of action exists under CUTPA to claim a violation of CUIPA, however

5

such a claim must allege more than one isolated incident of unfair insurance practice).

In her Complaint, Corporale alleges that, "upon information and belief, [she] believes that her late husband is not the only former employee of the A&P who had life insurance policies guaranteed by Prudential, in amounts which Prudential has refused to pay upon the death of the insured." Complaint at ¶ 16. The court finds that this allegation suffices to state a claim that the unfair insurance practice complained of was more than an "isolated instance." Corporale's allegation that Prudential refused to pay other former A&P employees who received annuities as a result of the termination fo the pension plan is more specific than a mere "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-5 (2007).

**V.    CONCLUSION**

For the forgoing reasons, Defendant Prudential's Motion to Dismiss as to Count One is GRANTED in part and DENIED in part without prejudice to amend, and is DENIED as to Count Two. Plaintiff may file an amended complaint, no later than February 11, 2008, alleging a third count in fraud, if she has a legal and factual basis to do so.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of January, 2008.

                          /s/ Janet C. Hall
                          Janet C. Hall
                          United States District Judge